**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| In Regards to the Motion of | ) | |
| JOSEPH MICHAEL DEVON ENGEL | ) | |
| | ) | No. 4:20-CV-1211 DDN |
| | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon review of the *pro se* motion of plaintiff Joseph Michael

Devon Engel to vacate, set aside, or correct the judgment or sentence. ECF No. 1.  For the

following reasons, plaintiff will be directed to file an amended pleading.

**Background**

Plaintiff Engel is a Missouri State prisoner incarcerated at Eastern Reception Diagnostic

and Correctional Center ("ERDCC").  He pled guilty on July 19, 2019 to Burglary in the second

degree in violation of Mo. Rev. Stat. § 569.170 (Count I); Property Damage in the first degree in

violation of Mo. Rev. Stat. § 569.100 (Count II); two counts of Tampering in the first degree in

violation of Mo. Rev. Stat. § 569.080 (Counts III and VII); Resisting Arrest in violation of Mo.

Rev. Stat. § 575.150 (Count IV); Burglary in the second degree (Count V); and Property Damage

in the first degree in violation of Mo. Rev. Stat. § 569.100 (Count VI). *See State v. Engel*, 18JE-

CR03639-01.  On November 1, 2019, the Circuit Court of Jefferson County, 23rd Judicial Circuit,

sentenced plaintiff to terms of ten years' imprisonment on Counts I, III, V, and VII, and seven

years' imprisonment on Counts II, IV, and VI in the Missouri Department of Corrections.  The

circuit court ordered the sentences to be served concurrently.  *Id.* Plaintiff did not appeal his

conviction or sentence.

## Discussion

On September 3, 2020, plaintiff filed the instant motion to vacate, set aside or correct the judgment or sentence. ECF No. 1. The Court first notes that this filing is defective because it was drafted using a form for a state circuit court and not the United States District Court for the Eastern District of Missouri. *See* E.D. Mo. Local Rule 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable.")

Second, it is unclear under which federal statute plaintiff intends to assert his claims. Plaintiff states his grounds for the instant action as follows:

(a) Lawyer sick Covid-19 Qu[ar]intine. No one told me I was Prior Persist.
(b) Judge Missey Laughing During sent[en]cing me to 10 years. P.A.W. was to[o] long they waited to[o] long.
(c) Due process could not talk to my lawyer Before court.

ECF No. 1 at 2.

Plaintiff further alleges :

(1) 2017 I had to be hospitalized briefly and a rape kit was p[e]rformed cause the cop said my pants w[]ere Down. Put my life in Danger. (2) then Sheriff's Department had me in protective custody for Mental Health reasons and put my life in Danger even more. Had people whole wings, having me hit the Bitton [illegible]. Dr. White said he took me off Day after I got the[re], then they allowed People to get on the Keosick [sic] and read my Request and make some up. And once I'm in Federal Court I'll tell the whole story for Feds. They Got me Down here with people really sick and Hurting. And the State is Denying me my Religion and my health and my special Diet.

ECF No. 1 at 4.

For relief, plaintiff seeks that "Missouri, Jefferson County and Desoto have to dismiss, espoinge [sic], and set aside and pay 300 million dollars." ECF No. 1 at 3.

Based on the above allegations, it is not apparent to the Court whether plaintiff intends for this action to be filed as a civil action for relief under 42 U.S.C. § 1983 or as a petition for relief from his convictions pursuant to 28 U.S.C. § 2254. Both the federal habeas corpus statute, 28

2

U.S.C. § 2254, and the civil rights statute, 42 U.S.C. § 1983, provide access to a federal forum for claims of unconstitutional treatment at the hands of state officials.  Generally, a prisoner's challenge to the validity of his confinement or to matters affecting its duration falls within the province of habeas corpus and, therefore, must be brought pursuant to § 2254.  *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  On the other hand, challenges involving the conditions of confinement, or how one ended up in confinement, may be presented in a § 1983 action.  Often, the Court looks to the relief requested by plaintiff to see what type of action he is seeking.  If plaintiff is seeking money damages for civil rights violations relating to his conditions of confinement, the case is most likely a § 1983 action.  However, if plaintiff is seeking to expunge or vacate his conviction, the action is most likely one brought pursuant to habeas corpus, or § 2254.

In this case, plaintiff appears to request this Court both to vacate or reduce his sentence and to grant monetary damages for his treatment in prison.  Based on plaintiff's allegations, this appears to be a "hybrid" action of some sort, where plaintiff is seeking relief under both 42 U.S.C. § 1983 and 28 U.S.C. § 2254.  Plaintiff Engel may not proceed under both statutes simultaneously in one action.  If plaintiff wishes to bring both actions in this Court, he must file two separate actions, seeking separate relief under the separate statutes.

Plaintiff must submit an amended pleading on a court-provided form clarifying his claims. Because it is unclear whether plaintiff seeks relief under 42 U.S.C. § 1983 or 28 U.S.C. § 2254, the Court directs the Clerk of Court to send plaintiff forms for both types of cases.  Plaintiff should inform the Court whether he intends for this action to be brought under 42 U.S.C. § 1983 or 28 U.S.C. § 2254 by filing the appropriate form in this case.  If plaintiff wishes to pursue claims under both statutes, he will need to file separate actions in this Court.

Plaintiff should be aware that in order to bring a habeas action pursuant to § 2254 before this Court, he must have exhausted his state court remedies prior to doing so. *See Frederickson v. Wood*, 87 F.3d 244, 245 (8th Cir. 1996). Furthermore, plaintiff is warned that a § 2254 petition is subject to a one-year limitations period.

Plaintiff has **thirty (30) days** from the date of this Order to file an amended pleading on the Court's form in accordance with the specific instructions set forth here. All claims in the action must be included in one, centralized Court-provided form. *See* Fed. R. Civ. P. 8(a).

Additionally, plaintiff is warned that the filing of an amended pleading replaces the original pleading, so plaintiff must include each and every one of the claims he wishes to pursue in the amended pleading. *See, e.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Any claims from the original pleading that are not included in the amended pleading will be deemed abandoned and will not be considered. *Id.* The allegations in the pleading must show how each and every defendant is directly responsible for the alleged harms. If plaintiff wishes to sue defendants in their individual capacities, plaintiff must specifically say so in the amended pleading. If plaintiff fails to sue defendants in their individual capacities, this action may be subject to dismissal.

All of plaintiff's claims should be clearly set forth in the "Statement of Claim." If plaintiff fails to file an amended pleading on the Court's form within thirty days and in compliance with the Court's instructions, the Court will dismiss this action without prejudice and without further notice.

4

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk mail to plaintiff Joseph Michael Devon Engel a copy of the Court's 'Prisoner Civil Rights Pleading' form, '2254 Habeas Corpus Petition' form, and 'Application to Proceed in District Court without Prepaying Fees or Costs' form.

**IT IS FURTHER ORDERED** that plaintiff must file an amended pleading, in accordance with the instructions set forth above, on the Court's form within **thirty (30) days** of the date of this Order.

**IT IS FURTHER ORDERED** that plaintiff must either pay the full filing fee **or** submit an application to proceed without prepayment of fees and costs within **thirty (30) days** of the date of this Order.

**IT IS FURTHER ORDERED** that, if plaintiff chooses to submit an application to proceed without prepaying fees or costs and plaintiff maintains a prison account at ERDCC, he shall file a certified copy of his prison account statement for the six-month period immediately preceding the filing of the pleading, within **thirty (30) days** of the date of this Order.

**IT IS FINALLY ORDERED** that if plaintiff fails to comply with this Order, the Court will dismiss this action without prejudice and without further notice.

Dated this **11ᵗʰ** day of September, 2020.

David D. Noce
DAVID D. NOCE
UNITED STATES MAGISTRATE JUDGE

5