## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| JOSEPH MICHAEL DEVON ENGEL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )  No. 4:20-CV-1211 DDN |
| | ) |
| STANLEY PAYNE, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed by Joseph Michael Devon Engel. ECF No. 4. Petitioner has also filed a motion for leave to commence this action without payment of the required filing fee. ECF No. 5. Based on the information submitted by petitioner, his motion to proceed *in forma pauperis* will be granted and the filing fee will be waived. *See* 28 U.S.C. § 1915. However, based on the Court's review, it appears that petitioner has not exhausted his claims in state court. If so, this action is subject to dismissal for failure to exhaust available state remedies. 28 U.S.C. § 2254(b)(1)(A); Rule 4 of the Rules Governing Habeas Corpus Cases Under § 2254. As a result, the Court will order petitioner to show cause why the petition should not be dismissed.

### Background

Petitioner is a self-represented litigant who is currently being held at the Eastern Reception Diagnostic and Correctional Center in Bonne Terre, Missouri. On September 3, 2020, petitioner filed a motion to vacate, set aside or correct the judgment or sentence using a form for a state circuit court, instead of a form designated for the United States District Court for the Eastern District of Missouri. ECF No. 1. On September 11, 2020, the Court reviewed the filing and determined it was defective for the form used and because it was not clear whether petitioner

1

intended to file a civil complaint under 42 U.S.C. § 1983 or a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  ECF No. 3.  Accordingly, the Court directed petitioner to file an amended pleading on a Court form.  Petitioner was provided with a copy of the Court's "Prisoner Civil Rights Pleading" form and a "2254 Habeas Corpus Petition" form.

On October 1, 2020, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  ECF No. 4. Petitioner argues four grounds for relief: (1) unprofessionalism of the sentencing judge for allegedly laughing at him during the sentencing proceeding; (2) failure to be notified that he was being charged as a prior and persistent offender; (3) inability to speak to his lawyer prior to sentencing; and (4) ineffective assistance of counsel for being unavailable due to the Covid-19 pandemic.

Petitioner states in his petition that he was convicted in the "Jefferson County Courts" and cites to case number "18JE-CR03639." A review of Case.net, Missouri's online case management system, reflects he pled guilty on July 19, 2019 to Burglary in the second degree in violation of Mo. Rev. Stat. § 569.170 (Count I); Property Damage in the first degree in violation of Mo. Rev. Stat. § 569.100 (Count II); two counts of Tampering in the first degree in violation of Mo. Rev. Stat. § 569.080 (Counts III and VII); Resisting Arrest in violation of Mo. Rev. Stat. § 575.150 (Count IV); Burglary in the second degree (Count V); and Property Damage in the first degree in violation of Mo. Rev. Stat. § 569.100 (Count VI). *See State v. Engel*, 18JE-CR03639-01.  On November 1, 2019, the Circuit Court of Jefferson County, 23rd Judicial Circuit, sentenced plaintiff to terms of ten years' imprisonment on Counts I, III, V, and VII, and seven years' imprisonment on Counts II, IV, and VI in the Missouri Department of Corrections.  The circuit court ordered the sentences to be served concurrently.  *Id.*

Regarding appeal of his criminal matter, petitioner states the following on his amended form petition:

> 9.  If you did appeal, answer the following:
>     (a) Name of court: <u>Jefferson County</u>
>     (b) Docket or case number (if you know): <u>4:20-CV-1211 DDN / 18JE-CR03639</u>
>     (c) Result: <u>10 years</u>
>     (d) Date of result (if you know): <u>8-9-20</u>
>     (e) Citation to the case (if you know): <u>Covid-19/Due Process/Inafective [sic] council / Judge made it to be laughing stock</u>
>     (f) Grounds raised: <u>Judge Missey laughing / Covid-19 / Video / Due Process / Prior Persistent / Statue Limitations</u>
>     (g) Did you seek further review by a higher state court?   Yes ___   No <u>✓</u>
>         If "Yes," answer the following:
>         (1) Name of court: <u>N/A</u>
>         (2) Docket or case number (if you know): <u>N/A</u>
>         (3) Result: <u>N/A</u>
>         (4) Date of result (if you know): <u>N/A</u>
>         (5) Citation of case (if you know): <u>N/A</u>
>         (6) Grounds raised: <u>N/A</u>

ECF No. 4 at 2.

Based on a review of Missouri's Case.net system, the Court cannot confirm that petitioner appealed his criminal conviction in state court. Following petitioner's sentencing in that criminal matter, the docket sheet has no entries indicating that a post-conviction motion was filed or that the appellate court issued any decisions or mandates concerning the case. Similarly, a cursory search of the online legal database Westlaw, reveals no Missouri appellate case involving this criminal matter.

## Discussion

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief. "As a prerequisite for federal habeas review, a petitioner must exhaust state remedies." *Frederickson v. Wood*, 87 F.3d 244, 245 (8th Cir. 1996) (citation omitted). *See*

3

*also White v. Wyrick*, 651 F.2d 597, 598 (8th Cir. 1981) (stating that "[i]t is elementary that a § 2254 petitioner must exhaust available state remedies before he is entitled to relief in federal court"). This requires that the prisoner "give state courts a fair opportunity to act on their claims." *O'Sullivan v. Boerckel*, 526 U.S. 844, 842 (1999).

Under 28 U.S.C. § 2254(b)(1):

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

(A) the applicant has exhausted the remedies available in the courts of the State . . .

In *Duncan v. Walker*, 533 U.S. 167, 178-79 (2001), the United States Supreme Court held that "[t]he exhaustion requirement of § 2254(b) ensures that the state courts have the opportunity fully to consider federal-law challenges to a state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment." (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982)). The Court further stated that "[t]his requirement 'is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings.'" *Duncan*, 533 U.S. at 179 (citing *Rose*, 455 U.S. at 518). "The exhaustion rule promotes comity in that it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation." *Id.* (internal quotations and citations omitted). As stated by the Court in *O'Sullivan*, 526 U.S. at 844, "[c]omity thus dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief." A petitioner satisfies the exhaustion requirement by showing either that he "made a fair presentation of his claims to the state courts or that he has no other presently available state remedies to pursue." *Gentry v. Lansdown*, 175 F.3d 1082, 1083 (8th Cir. 1999); *accord*

4

*Meador v. Branson*, 688 F.3d 433, 435 (8th Cir. 2012). *See also Randolph v. Kemna*, 276 F.3d 401, 403 (8th Cir. 2002) (stating that petitioner "must give the state courts one full opportunity to resolve any constitutional issue by invoking one complete round of the state's established appellate review process").

Therefore, before federal habeas relief can be granted, a person in state custody is required to exhaust available state remedies.  28 U.S.C. § 2254(b)(1).  The Court can find no evidence that petitioner has raised the arguments which he brings here before a Missouri state court.

The Court will order petitioner to show cause why the petition should not be dismissed under 28 U.S.C. § 2254(b)(1)(A) for failure to exhaust available state remedies.  Petitioner should provide the Court with some evidence that he filed an appeal of his conviction in state court, as indicated in his petition, so that the Court can evaluate whether his argument for relief has been exhausted.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed *in forma pauperis* [ECF No. 5] is **GRANTED.**

**IT IS FURTHER ORDERED** that petitioner shall show cause in writing within **thirty (30) days** of the date of this Order, why his petition should not be dismissed, without prejudice, pursuant to 28 U.S.C. § 2254(b)(1)(A) for failure to exhaust available state remedies.

Dated this  **14th**    day of October, 2020.


_____**/s/  David D. Noce**____
UNITED STATES MAGISTRATE JUDGE